# NUKK-FREEMAN & CERRA, PC
EMPLOYMENT ATTORNEYS

July 18, 2013

**VIA ECF AND OVERNIGHT MAIL**

Honorable Judge Katharine S. Hayden
United States District Judge
United States District Court, District of New Jersey
Martin Luther King, Jr. Federal Bldg. & Courthouse
50 Walnut Street
Newark, NJ 07102

      **RE:   The Prudential Insurance Company of America, *et al.* v. Credit Suisse, *et al.*
              Docket No: 2:12-cv-07242 (KSH)(PS)**

Dear Judge Hayden:

      Our firm, along with Quinn Emanuel Urquhart & Sullivan, LLP, represents Plaintiffs The Prudential Insurance Company of America, Commerce Street Investments, LLC, Pru Alpha Fixed Income Opportunity Master Fund I, L.P., Pruco Life Insurance Company, Pruco Life Insurance Company of New Jersey, Prudential Investment Portfolios 2, The Prudential Life Insurance Company, Ltd., Prudential Retirement Insurance and Annuity Company, and Prudential Trust Company ("Plaintiffs") in the above-referenced matter.

      On behalf of Plaintiffs, we write to apprise the Court of a recently issued residential mortgage backed securities decision captioned *Metropolitan Life Ins. Co. v. Morgan Stanley*, No. 651360/12 (Sup. Ct. N.Y. County June 8, 2013). In this decision, Justice Bransten found that plaintiffs had adequately alleged justifiable reliance, misrepresentations, scienter, loss causation and damages, and denied defendants' motion to dismiss plaintiffs' common law fraud claims on that basis.[1] Id. at 23-39. A copy of Justice Bransten's decision, which addressed issues identical to those raised in this litigation, is attached.

      We thank the Court for its consideration of these matters.

                                          Respectfully Submitted,

                                          NUKK-FREEMAN & CERRA, P.C.

                                          ROBIN H. ROME, ESQ.

Enclosure
cc:    All counsel of record (*via* ECF)

---

[1] Justice Bransten granted defendants' motion to dismiss only to the extent that the claims asserted by one plaintiff were deemed untimely under Connecticut's three-year statute of limitations, which is not at issue in this case. See id. at 11.