# DUGHI, HEWIT & DOMALEWSKI, P.C.

ATTORNEYS AT LAW

340 NORTH AVENUE
CRANFORD, NEW JERSEY 07016
(908) 272-0200
TELECOPIER: (908) 272-0909

LOUIS JOHN DUGHI, JR.
RUSSELL L. HEWIT
CRAIG A. DOMALEWSKI
ROBERT W. DONNELLY, JR.
MICHAEL J. KEATING
CHARLES M. RADLER, JR.
MARIO C. GURRIERI
KEITH A. GABLE
PAMELA HATTEM
GARY L. RIVELES*
RICHARD A. OUTHWAITE
SCOTT A. HALL
DARA L. SPIRO

OF COUNSEL
WILLIAM L'E. WERTHEIMER
MARY ELIZABETH GAZI

KRISTIN M. CAPALBO
AMANDA G. BENJAMIN-SMITH
ARIS E. L. DUTKA
LORI C. DUFFY
BENJAMIN H. ZILBERGELD
CYNDEE L. ALLERT
SARAH E. FITZPATRICK
JENNIFER L. YOUNG
EVA M. UHRIK
SEAN C. CALLAHAN

* CERTIFIED CIVIL TRIAL ATTORNEY

WILLIAM H. GAZI (1964-2001)
LAWRENCE WEISS (1961-2011)

July 26, 2013

**VIA ECF AND FEDERAL EXPRESS**
Hon. Katharine S. Hayden, U.S.D.J.
United States District Court
Frank R. Lautenberg Post Office and Courthouse, Courtroom PO 05
2 Federal Square
Newark, New Jersey 07101

> Re: The Prudential Insurance Company of America v. Credit Suisse
> Securities (USA), LLC, et al.
> Case Number 2:12-CV-07242 (KSH) (PS)
> Our File No.: 13665

Dear Judge Hayden:

We represent Defendants Credit Suisse Securities (USA) LLC, Credit Suisse First Boston Mortgage Securities Corp., Asset Backed Securities Corporation and DLJ Mortgage Capital, Inc. (collectively, "Defendants") in the above-captioned matter. We write in response to the letter Plaintiffs filed with the Court on July 23, 2013.

Plaintiffs are incorrect that *Capital Ventures International v. UBS Securities LLC*, No. 11-cv-11937 (D. Mass. July 22, 2013), "address[es] issues identical to those raised in this litigation". The plaintiff in *Capital Ventures* asserted non-fraud claims under the Massachusetts Uniform Securities Act that were subject to the Fed. R. Civ. P. 8(a) notice pleading standard. By contrast, Plaintiffs' fraud claims in this action are subject to the heightened pleading standard of Rule 9(b).[1] Additionally, the *Capital Ventures* plaintiff, unlike Plaintiffs here, were not required to plead reliance, scienter or loss causation.

*Prudential Insurance Company of America v. J.P. Morgan*, No. ESX-L-3085-12 (N.J. Super. Ct. Law Div. July 18, 2013), was decided under New Jersey's "generous pleading standard[]", slip op. at 33, which is even more liberal than the standard applied in *Capital Ventures*. Furthermore, regarding the various grounds for dismissal of a New Jersey

---

[1] Plaintiffs do not contest that Rule 9(b) applies to their claims.

DUGHI, HEWIT & DOMALEWSKI, P.C.

Hon. Katharine S. Hayden, U.S.D.J.
Re: Prudential Insurance, et al. v. Credit Suisse Securities (USA), LLC, et al.
Page 2

RICO claim, the *J.P. Morgan* decision provided the court's analysis only on whether plaintiffs had sufficiently pleaded territorial jurisdiction under New Jersey RICO based on the facts of that case. The *J.P. Morgan* court did not specifically analyze the other grounds for dismissal raised by Defendants in the above-captioned matter, including whether plaintiffs sufficiently pleaded a predicate act, the existence of an alleged "enterprise", a "person" that is distinct from the alleged "enterprise", or an alleged conspiracy that involves more than a single corporate family. *See* Mot. 33-39; Reply 18-22; *see also Royal Luau Resort LLC v. Kennedy Funding, Inc.*, No. CIV. A. 07-1342 (HAA), 2008 WL 482327, at *7 (D.N.J. Feb. 19, 2008) (holding that a "viable NJ RICO action requires a claim against defendant 'persons' acting through a distinct 'enterprise'"); *Philadelphia Reserve Supply Co. v. Nowalk & Assocs., Inc.* 864 F. Supp. 1456, 1468-69 (E.D. Pa. 1994) (observing that "the court in [*State v.*] *Ball*, [268 N.J. Super. 72 (1993)] did not address the issue of distinctiveness" and holding that individuals and corporate entities were "sufficiently distinct").

        Respectfully submitted,

        DUGHI, HEWIT & DOMALEWSKI

        Craig A. Domalewski
        cdomalewski@dughihewit.com

cc:   All counsel of record (by ECF)

G:\13665\13665-COR-CAD-LTR TO JUDGE HAYDEN-BHZ-07-26-2013.doc